UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY NOBLES,

      Petitioner,

v.                                          Case Number: 11-cv-10801
                                              Honorable Patrick J. Duggan

GREG MCQUIGGIN,

      Respondent.
_____/

## OPINION AND ORDER (1) DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND (2) DIRECTING RESPONDENT TO FILE AN ANSWER TO THE PETITION

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Kelly Nobles is a Michigan prisoner currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. He filed this *pro se* habeas petition challenging the validity of his convictions in 2002, following a jury trial in the Circuit Court for Wayne County, Michigan, for one count of first-degree murder, five counts of assault with intent to commit murder, one count of discharging a firearm toward a building, one count of felony firearm, and one count of carrying a concealed weapon.

Respondent Greg McQuiggin, through counsel, filed a motion for summary judgment in response to the petition, in which he argues that the petition was not timely filed under 28 U.S.C. § 2244(d)(1). Petitioner filed a response to Respondent's motion on September 28, 2011, contending that he is entitled to equitable tolling and is actually innocent of the crimes. After reviewing the pleadings, the Court concludes that Petitioner

is entitled to equitable tolling. The Court therefore directs Respondent to file an answer to the petition.

## Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Once the movant meets that burden, the nonmoving party must present evidence demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 474 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255, 106 S. Ct. at 2513.

Rule 56 applies to habeas proceedings. *See* Rule 12 of the Rules Governing § 2254 Cases; *see also Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir.), *cert. denied*,

531 U.S. 1014, 121 S. Ct. 571 (2000).

## Background

The Michigan Court of Appeals summarized the facts underlying Petitioner's convictions and, in accordance with 28 U.S.C. § 2254(e)(1), those facts are presumed correct on habeas review. The facts are as follows:

> Defendant's convictions arise from the December 31, 2000, shooting at the Unique Coney Island on Gratiot near Outer Drive in Detroit. Kolby Bohannon, his brother Rockmound Bohannon, Roderick Jeter, and defendant drove to the Coney Island in search of some men who had fought with Kolby Bohannon earlier that day. As Kolby Bohannon entered the restaurant to speak with the men, Randall Hall and Ladarius Edwards, he was struck and killed by gunfire when one of the men who accompanied him to the Coney Island fired repeatedly into the restaurant. The prosecution presented testimony from at least two witnesses identifying defendant as the shooter, while defendant maintained that the decedent's brother was responsible for the shooting.

*People v. Nobles*, No. 258353, 2006 WL 1479561, at *1 (Mich. Ct. App. May 30, 2006) (unpublished).

On May 9, 2002, the jury found Petitioner guilty of the aforementioned crimes. On June 27, 2002, the trial court sentenced Petitioner to concurrent prison terms of life for the murder conviction, thirteen to thirty years for each of the assault convictions, one to four years for the discharging-a-firearm conviction, and two to five years for the concealed weapon conviction. The trial court ran those sentences consecutive with Michigan's two-year mandatory prison term for Petitioner's felony-firearm conviction.

After sentencing, Petitioner filed a direct appeal with the Michigan Court of Appeals. On May 30, 2006, the appellate court affirmed his convictions and sentence.

*Nobles*, 2006 WL 1479561, at *7.  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which the Court denied on October 31, 2006.  *People v. Nobles*, 477 Mich. 912, 722 N.W.2d 811 (2006).  Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On August 15, 2007, Petitioner filed a motion for relief from judgment pursuant to Michigan Court Rule 6.500 in the trial court.  The trial court denied the motion without prejudice on September 5, 2007, because Petitioner requested appointed counsel.  *People v. Nobles*, No. 01-004225-01 (Wayne Cnty. Cir. Court, Sept. 5, 2007).  Attorney Dory A. Baron was appointed to represent Petitioner on September 17, 2007.  (Pet.'s Resp. Ex. B.)

On October 4, 2007, Attorney Baron wrote Petitioner a letter indicating that she had been appointed to represent him and had not yet received all of his records.  (*Id.* Ex. C.)  She further requested that Petitioner advise her as to whether he had any police reports in his possession.  (*Id.*)  Petitioner responded in a letter dated October 12, 2007, indicating that he had a few police reports but never received medical reports from the ambulance team, a crime scene sketch, reports, or photos and she should request them.  (*Id.* Ex. D.)  In this letter, Petitioner expressed his concern regarding the time he had left to file a federal habeas corpus petition.  (*Id.* Ex. D.)  He wrote:

> Also I wanted to make you aware of my time line concerning my twelve month period to get to the Federal Courts.  My original decision was ordered from the Mich. Supreme [C]ourt Oct 31, 2006.
>
> So my time is short I think!!!  I don't know if my time is being tolled as of now.  Could you please check into that for me and let me know when time allow [sic].

4

(*Id.*)  According to Petitioner, Attorney Baron never answered his question.

On December 7, 2007, Petitioner filed a motion in the trial court seeking to withdraw Attorney Baron as his attorney.  (Pet.'s Resp. Ex. E.)  In this motion, Petitioner stated that his relationship with Attorney Baron "has broken down."  (*Id.*)  He explained the circumstances leading to his decision to seek her withdrawal:

> . . . on December 4, 2004 when attorney Baron came to see him some three months later after her appointment by this Court, the attorney Baron was undetermined or unclear and unable to answer the defendant's questions as to why this Court has dismissed his postconviction motion for relief from judgment, and whether that decision by this Court would toll the defendant [sic] twelve months time limitation for the submission of his federal habeas corpus issues, and attorney Baron has refused the defendant [sic] instructions to file a motion for discovery that would support his issues of actual innocence in this matter, and pursuant to MCR 6.5-5 attorney Baron has also failed to obtain the necessary transcripts from this Court within the fifty-six days time period.

(*Id.*)  Petitioner further asserted that "but for [Attorney Baron's] deficient performance" he "would have either amended or supplemented his motion . . . to toll his one-year time limitation[s] period to file his federal petition . . .."  (*Id.*)  Concerned that the AEDPA's limitations period was not being tolled, Petitioner shortly thereafter re-filed his *pro se* Rule 6.500 motion in the trial court on December 13, 2007.

The trial court neither ruled on Petitioner's motion to withdraw Attorney Baron nor acknowledged the filing of his *pro se* motion.  On February 19, 2008, Attorney Baron filed a Rule 6.500 motion on Petitioner's behalf.  (*Id*. Ex. H.)  Petitioner claims that she filed the motion without obtaining his input or the conducting discovery that he encouraged her to pursue.  The motion filed by Attorney Baron is identical in its content

5

to the *pro se* motions filed by Petitioner, except for her omission of a handful of sentences and/or words from his motion.

Petitioner sent additional letters to Attorney Baron after she filed the Rule 6.500 motion, in which he continued to encourage her to pursue certain discovery materials. (*Id.* Exs. J, K.) When he did not receive a response from Attorney Baron, Petitioner wrote the trial judge on July 9, 2008. (*Id*. Ex. L.) Petitioner informed the court that he had written Attorney Baron on several occasions requesting information and that she subpoena certain documents in his case but that she had not responded. (*Id.*) Petitioner further indicated that he had filed two requests to have her removed as his attorney, but that the court had not responded. On July 12, 2008, Attorney Baron wrote Petitioner a letter stating that she "will try to obtain the photos" and that she was in the trial court "a week ago reviewing the [t]ranscripts." (*Id*. Ex. M.)

On July 16, 2008, the trial court denied Petitioner's motion for post-conviction relief. *People v. Nobles*, No. 01-004225-01 (Wayne Cnty. Cir. Court, July 16, 2008). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which the appellate court denied on November 23, 2009. *People v. Nobles*, No. 293121 (Mich. Ct. App. Nov. 23, 2009). Petitioner filed a motion for reconsideration which also was denied. *People v. Nobles*, No. 293121 (Mich. Ct. App. Jan. 14, 2010) (Stephens, J., would grant the motion for reconsideration). On June 28, 2010, the Michigan Supreme Court denied Petitioner's application for leave to appeal finding that "defendant has failed to meet the burden of establishing entitlement to relief under MCR

6.508(D)." *People v. Nobles*, 486 Mich. 1046, 783 N.W.2d 381 (2010). Petitioner filed a motion for reconsideration which the Court denied on September 27, 2010. *People v. Nobles*, 488 Mich. 874, 788 N.W.2d 421 (2010).

Petitioner filed the pending habeas petition on February 28, 2011, which he signed and dated January 24, 2011. Petitioner asserts the following grounds for relief in his petition:

> I. The improper use of Rod Jeter's testimonial statement identifying Petitioner as the shooter violated the rule laid down in *Crawford [v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004)].
>
> II. Repeated instances of gross prosecutorial misconduct violated Petitioner's Constitutional rights to due process and a fair trial under *Donnelly [v DeChristofor*, 416 U.S. 637, 94 S. Ct. 1868 (1974)] and *Darden [v. Wainwright*, 477 U.S. 168, 106 S. Ct. 2464 (1986)].
>
>> a. Improper use of the testimonial statement of Rod Jeter
>> b. Improper comment on Petitioner's assertion of his Fifth Amendment right
>> c. Prosecutorial misconduct in badgering Petitioner
>
> III. The State violated Petitioner's constitutional right to compulsory process in failing to exercise due diligence in locating and producing Ladarius Edwards for trial.
>
> IV. The State suppressed material exculpatory evidence of a nineteenth bullet casing from the jury in violation of *Brady [v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963)].
>
> V. Petitioner was denied his constitutional right to effective assistance of trial and appellate counsel due to their failure to investigate the existence of the nineteenth bullet casing.

As indicated earlier, in response to the petition, Respondent filed a motion for summary judgment asserting that it is time-barred.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date of April 24, 1996, and imposes a one-year limitations period. 28 U.S.C. § 2244(d)(1); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007). Petitioner's application for habeas corpus relief was filed after April 24, 1996, and thus the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to his application. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 2068 (1997).

The AEDPA's statute of limitations provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of

> the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner does not assert that the State created an impediment to filing his habeas petition or that his claims are based upon newly-created rights which would warrant habeas relief. While Petitioner indicates that certain evidence was withheld by the prosecution and only subsequently uncovered by his family members, that evidence was not uncovered within the past year. As a result, Petitioner's request for habeas relief is timely only if it was filed within one year of when his convictions became final, excluding any time during which a properly filed application for state post-conviction or collateral review was pending. 28 U.S.C. §§ 2244(d)(1)(A), (2).

In this case, the statute of limitations began to run when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S.Ct. 681, 685 (2009).

The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 31, 2006. Petitioner did not seek a writ of certiorari in the United States Supreme Court. Therefore, his convictions became final on January 29, 2007, when the ninety-day deadline to seek such review expired. *See* Sup. Ct. R. 13.1; *see also Jimenez*, 555 U.S. at 119, 129 S.Ct. at 685. The AEDPA's one-year statute of limitations began to

run on the following day, January 30, 2007.

Petitioner filed his initial *pro se* motion for post-conviction relief in the state trial court on August 15, 2007. By that date, 197 of the 365 days that Petitioner had to file his federal habeas petition had expired. The statute of limitations was statutorily tolled while Petitioner's state court motion was filed. *See* 28 U.S.C. § 2244(d)(2). However, when the trial court dismissed the motion without prejudice on September 5, 2007, the limitations period began to run again the next day, on September 6, 2007. As of that date, Petitioner had 168 days remaining on the AEDPA's limitations clock to file his federal habeas petition.

Petitioner re-filed his *pro se* post-conviction motion on December 7, 2007, after an additional ninety-two (92) days had run. The state trial court did not return the motion to Petitioner. *See* M.C.R. 6.502(D) (indicating that the court must either direct that an insufficient motion be returned to the defendant with a statement of the reasons for its return . . . "or adjudicate the motion . . ."). In his summary judgment motion, Respondent does not mention Petitioner's re-filing of his *pro se* Rule 6.500 motion and therefore does not put forth any reason for this Court to find that the post-conviction motion was improperly filed. Thus this Court concludes that the filing of the motion stopped the AEDPA limitations clock from continuing to run.[1]

---

[1] As set forth *infra*, however, the result is the same whether the Court finds that time was tolled beginning December 7, 2007 (when Petitioner re-filed his *pro se* motion) or February 19, 2008 (when Attorney Baron filed a motion on his behalf).

10

The statute of limitations was statutorily tolled while Petitioner's post-conviction motion was pending. The Michigan Supreme Court rendered its final decision with respect to the motion on September 27, 2010. Petitioner filed his federal habeas corpus petition on January 24, 2011– 118 days later. This was twenty-six days beyond the ninety-two days remaining if the limitations period was tolled starting with the filing of Petitioner's *pro se* Rule 6.500 motion.[2] In short, Petitioner's habeas petition was filed untimely, absent equitable tolling.

## Equitable Tolling

The United States Supreme Court and the Sixth Circuit have held that the statute of limitations for habeas actions is subject to equitable tolling. *Holland v. Florida*, – U.S. – , 130 S.Ct. 2549, 2560 (2010); *Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). A habeas petitioner is entitled to equitable tolling "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005)). The Supreme Court reiterated in *Holland* that "[t]he diligence required for equitable tolling purposes is reasonable diligence . . . not 'maximum feasible diligence." 130 S. Ct. at 2565 (internal quotation marks and citations omitted). The Court further instructed that equitable tolling must be considered on a "case-by-case basis," reflecting that "[t]he flexibility inherent in

---

[2] It is even further beyond the two days remaining if the statute only was tolled from Attorney Baron's filing of the motion on February 19, 2008.

11

equitable procedure enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Id*. at 2563 (internal quotation marks and citations omitted). The petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin*, 308 F.3d at 653.

The circumstances presented in this case are strikingly similar to those in *Holland* and lead this Court to conclude that Petitioner is entitled to equitable tolling. First, the Court finds that Petitioner has been "pursuing his rights diligently." Second, the Court finds that "some extraordinary circumstance stood in [Petitioner's] way" and "prevented timely filing" of his federal habeas corpus petition.

Petitioner filed a *pro se* post-conviction motion six and a half months after the conclusion of direct review. Rather than allowing subsequently appointed counsel to supplement the motion, the trial court dismissed the motion without prejudice; thus causing the AEDPA's limitations clock to resume running. Petitioner wrote Attorney Baron several letters providing direction regarding his case, inquiring as to whether the limitations period was tolled, and expressing concern that his federal habeas corpus rights were being jeopardized while she was presumably preparing a revised post-conviction motion. Petitioner also contacted the state trial court in an effort to gain information regarding the running of the statute of limitations, to implore Attorney Baron to pursue his requested discovery, and ultimately to ask the court to remove Attorney Baron. Neither Attorney Baron nor the trial court responded. Rather than waiting for his court-appointed attorney to file a post-conviction motion on his behalf, and seeking to protect

his federal habeas corpus rights, Petitioner re-filed his *pro se* motion.

As in *Holland*, it was Petitioner's attorney's "failure to satisfy professional standards of care" that was "the central impediment to the pursuit of his legal remedy." *See Holland*, 130 S. Ct. at 2562. The record does not reflect what Attorney Baron was (or was not) doing on Petitioner's behalf during the five months after she was appointed to represent him and when she filed the Rule 6.500 motion on his behalf. The fact that Attorney Baron eventually filed a motion on Petitioner's behalf that essentially is identical to Petitioner's *pro se* motion suggests that she effectively abandoned his case during that period while the AEDPA limitations period frittered away. Additional circumstances support this conclusion.

Petitioner sent Attorney Baron several letters in which he inquired about the time he had left in which to seek federal habeas corpus relief and expressed concern that his "time is short." Attorney Baron never responded to Petitioner's inquiries or alerted him that the statute of limitations resumed running after the trial court dismissed his initial *pro se* motion. Petitioner's letters to Attorney Baron and the trial court further reflect that counsel also failed to communicate with Petitioner concerning his case and pursue the discovery that he suggested would aid his request for relief. Attorney Baron's letter to Petitioner dated July 12, 2008– almost *five months after* she filed the Rule 6.500 motion on his behalf– suggests that she only recently had bothered to review the transcripts from his trial and to seek discovery materials. The record reflects that similar to the attorney's conduct in *Holland*, rather than aiding Petitioner's defense, Attorney Baron's

13

representation was a central impediment to Petitioner's timely pursuit of his federal habeas corpus rights.

There can be no doubt that a defendant has no constitutional right to the assistance of counsel in post-conviction proceedings. *See Jagodka v. Lafler*, 148 F. App'x. 345, 347 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 757, 111 S.Ct. 2546 (1991)). *Holland* indicates, however, that once counsel is appointed to represent a defendant during post-conviction proceedings and engages in serious instances of attorney misconduct that impedes the defendant's reasonably diligent pursuit of his or her rights, "extraordinary circumstances" exist to warrant equitable tolling. Therefore in this case, although Petitioner filed his habeas corpus petition after the AEDPA's one-year statute of limitations expired, the Court concludes that he is entitled to equitable tolling.

Accordingly,

**IT IS ORDERED**, that Respondent's Motion for Summary Judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that Respondent shall file an Answer to the petition within sixty (60) days from the date of this Opinion and Order.


Date: November 21, 2011                    s/PATRICK J. DUGGAN
                                                                              UNITED STATES DISTRICT JUDGE

Copies to:

Kelly Nobles, # 413029
Chippewa Correctional Facility
4269 W. M-80

Kincheloe, MI 49784

AAG Mark G. Sands