UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY NOBLES,

      Petitioner,                          Civil Action No. 2:11-cv-10801

v.                                          HON. PATRICK J. DUGGAN

GREG MCQUIGGIN,

      Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR A
WRIT OF HABEAS CORPUS; (2) DECLINING IN PART AND GRANTING IN
PART TO ISSUE A CERTIFICATE OF APPEALABILITY; (3) GRANTING
PERMISSION FOR AN APPLICATION FOR LEAVE TO PROCEED
ON APPEAL _IN FORMA PAUPERIS_; AND, (4) DENYING MOTIONS
FOR EVIDENTIARY HEARING AND DISCOVERY**

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254.

Petitioner Kelly Nobles is incarcerated by the Michigan Department of Corrections,

currently housed at the Chippewa Correctional Facility in Kincheloe, Michigan, where he

is serving a life sentence for first-degree murder. Petitioner also was convicted of five

counts of assault with intent to commit murder, one count of discharging a firearm toward

a building, one count of felony firearm, and one count of carrying a concealed weapon.

He was found not guilty on one count of obstruction of justice and one count of

subornation of perjury. Petitioner was convicted of the above offenses in 2002, following

a jury trial in the Circuit Court for Wayne County, Michigan. He was sentenced on June

27, 2002.

On February 28, 2011, Petitioner filed this habeas petition, *pro se*, challenging the validity of his convictions. Respondent Greg McQuiggin, through the Michigan Attorney General's Office, filed a motion for summary judgment, arguing that the petition was not timely under 28 U.S.C. § 2244(d)(1). On November 21, 2011, this Court issued an opinion and order denying Respondent's motion, concluding that Petitioner was entitled to equitable tolling and ordering Respondent to file an answer to the petition. *Nobles v. McQuiggin*, No. 2:11-cv-10801, 2011 WL 5838492, at *1-3 (E.D. Mich. Nov. 21, 2011). Respondent filed his answer on January 20, 2012. (ECF No. 11.) Petitioner, with the assistance of counsel, filed a reply brief on April 3, 2012.[1] (ECF No. 15.)

Having reviewed the pleadings and the record, the Court concludes that Petitioner is not being held in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Therefore, the Court denies the petition. The Court declines to issue Petitioner a certificate of appealability with respect to all but one issue raised in his petition, but grants him permission to file an application for leave to proceed on appeal *in forma pauperis* should he choose to appeal the Court's ruling.

Petitioner also filed motions for an evidentiary hearing and discovery. (ECF Nos. 16; 17.) In light of the Court's decision, it denies the motions.

---

[1]On February 5, 2012, counsel entered his appearance on behalf of Petitioner and the parties thereafter stipulated to an extension of time for the reply brief to be filed. (ECF Nos. 13, 14.)

2

## **Background**

The Michigan Court of Appeals summarized the facts underlying Petitioner's convictions and, in accordance with 28 U.S.C. § 2254(e)(1), those facts are presumed correct on habeas review. The facts are as follows:

> Defendant's convictions arise from the December 31, 2000, shooting at the Unique Coney Island on Gratiot near Outer Drive in Detroit. Kolby Bohannon, his brother Rockmound Bohannon, Roderick Jeter, and defendant drove to the Coney Island in search of some men who had fought with Kolby Bohannon earlier that day. As Kolby Bohannon entered the restaurant to speak with the men, Randall Hall and Ladarius Edwards, he was struck and killed by gunfire when one of the men who accompanied him to the Coney Island fired repeatedly into the restaurant. The prosecution presented testimony from at least two witnesses identifying defendant as the shooter, while defendant maintained that the decedent's brother was responsible for the shooting.

*People v. Nobles*, No. 258353, 2006 WL 1479561, at *1 (Mich. Ct. App. May 30, 2006) (unpublished).

Petitioner raises the following five claims in his habeas petition:

(1)  His rights under the Confrontation Clause were violated when Rod Jeter's statement was used to identify him as the shooter;

(2)  The prosecutor committed misconduct by using Jeter's statement against him, by commenting on Petitioner's Fifth Amendment right to remain silent, and by badgering him;

(3)  The State failed to exercise due diligence in locating witness Ladarius Edwards;

(4)  The State suppressed material exculpatory evidence; and

(5)  Trial counsel was ineffective for failing to investigate the "nineteenth bullet casing."

3

Respondent claims that part of Petitioner's second claim and his fourth and fifth claims are procedurally defaulted.  The Court will address the procedural default issue first and then the merits of Petitioner's remaining claims.

### <u>Standard of Review for Habeas Cases</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases.  Section 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20 (2000).  An "unreasonable application" occurs when a state court has applied clearly established federal law in an objectively unreasonable manner.  *Id.* at 409, 120 S.Ct. at 1521.  Therefore, a federal habeas court may not issue a writ if it concludes the state court applied clearly established federal law merely erroneously or incorrectly.  *Id.* at 411, 120 S.Ct. at 1522.  The application must be unreasonable.  *Id.*

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 1041 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 776, – , 130 S.Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7, 117 S.Ct. 2059, 2067 n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 360 (2002) (per curiam)).

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. – , – , 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 2149 (2004)). The Sixth Circuit recently observed that "[t]his is a very high standard, which the [Supreme] Court freely acknowledges." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012). The *Peak* Court suggested that *Harrington* holds that the review standard "is even more constricted than AEDPA's plain language already suggests." *Id*. The *Harrington* Court in fact warned "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." 131 S.Ct. at 786 (citation omitted).

As the Sixth Circuit interprets *Harrington*, under § 2254(d) "[a] habeas court must determine what arguments or theories supported or . . . could have supported [] the state court's decision; and then it must ask whether it is possible fairminded jurists could

disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* (internal quotation omitted). Additionally, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. – , – , 131 S.Ct. 1388, 1398 (2011).

## Procedural Default Issue

### Applicable Law

A federal court applies a three-part test to determine if a state prisoner has procedurally defaulted his federal claims in state court. *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003). First, there must be a firmly established, state procedural rule which is applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S.Ct. 850, 857-58 (1991). Second, it must fairly appear that the last state court to which the petitioner sought review relied on the procedural rule as a basis for its decision to refuse to review his or her federal claims. *Coleman v. Thompson*, 501 U.S. 722, 740, 111 S.Ct. 2546, 2560 (1991). Third, the procedural default must be an "adequate and independent" state ground on which the state can rely to foreclose review of a federal claim. *Cnty. Court of Ulster Cnty. v. Allen*, 442 U.S. 140, 148, 99 S.Ct. 2213, 2220 (1979). If those three prerequisites are met, then the petitioner has procedurally defaulted his federal claims in state court unless he shows "that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (citing *Wainwright v. Sykes*,

6

433 U.S. 72, 87, 90-91, 97 S. Ct. 2497 (1977)).

## Petitioner's Second Ground, In Part

Respondent argues that Petitioner's second claim, as it relates to the prosecutor's question about lying to the police and referring to Petitioner as the "enforcer," is procedurally defaulted because Petitioner failed to timely object at trial and the state appellate court relied on that procedural ground in declining to review the claim and reviewed it for plain error only. The Court agrees with Respondent's analysis. The failure to properly raise and preserve issues in the trial court by contemporaneous objection is a generally recognized, firmly established, independent and adequate state law ground for refusing to review trial errors. *Coleman*, 501 U.S. at 75-51, 111 S. Ct. at 2565. Michigan has such a rule under which a defendant's failure to contemporaneously object to trial errors "leads to the claim[] being waived and reviewed solely for plain error." *Taylor v. McKee*, 649 F.3d 446, 450 (6th Cir. 2011) (citations omitted). Plain error review by a state appellate court constitutes enforcement of a state's contemporaneous objection rule. *Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir. 2004) (citations omitted).

Petitioner did not timely object to the alleged prosecutorial misconduct at trial and therefore failed to comply with the rule. The procedural rule was enforced by the court of appeals, reviewing the claim for plain error only. *See Nobles*, 2006 WL 1479561, at *4. Thus the Court may not consider the merits of this claim unless Petitioner demonstrates cause for his default and prejudice resulting from the claimed error or that the Court's

7

failure to review the claim would result in a fundamental miscarriage of justice. *See supra*. Petitioner does not meet this burden.

Petitioner argues that his trial counsel's failure to object to the prosecutor's conduct constituted ineffective assistance and was cause for the default. To show that counsel was ineffective under constitutional standards, a habeas petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). This test cannot be satisfied where the claims are erroneous or meritless, as counsel is not ineffective for failing to raise frivolous claims. *See Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996) (counsel not ineffective for failing to raise erroneous claims), *overruled on other grounds by In re Abdur'Rahman*, 392 F.3d 174 (6th Cir. 2004) (en banc). Thus, the Court must determine whether the prosecutor's comment on Petitioner's silence and reference to him as the "enforcer" during closing argument constituted misconduct to which trial counsel should have objected.

In evaluating a claim of prosecutorial misconduct, "[t]he relevant question is whether the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871 (1974)). Courts in the Sixth Circuit use a two-step test to determine whether prosecutorial misconduct amounted to a denial of due process. *Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000). The court must first determine whether the

8

prosecutor's statements were improper.  *Id.*  If the court finds one or more statements improper, it must then "'look to see if they were flagrant and warrant reversal.'" *Id.* (quoting *United States v. Francis*, 170 F.3d 546, 549 (6th Cir. 1999)).  Flagrancy is determined by considering the strength of the evidence and whether the statements tended to mislead the jury or prejudice the defendant, were isolated or part of a pattern, or were deliberate or accidental.  *Id.*  To add, the Fifth Amendment "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233 (1965).  *Griffin* thus prevents a prosecutor or trial judge "from suggesting to the jury that it may treat the defendant's silence as substantive evidence of guilt." *Baxter v. Palmigiano*, 425 U.S. 308, 319, 96 S.Ct. 1551, 1558 (1976).

In this case, during his cross-examination, Petitioner volunteered that he and his attorney went to the police station to discuss the shooting.  This colloquy followed:

> [PROSECUTOR]:  So you're telling this Jury that you talked to Homicide about the Coney Island?
>
> [PETITIONER]:  Yes.
>
> [PROSECUTOR]:  Is that your assertion?
>
> [PETITIONER]:  Yes, I talked to them.
>
> [PROSECUTOR]:  You remember you're under oath here, sir?
>
> [PETITIONER]:  Yes.
>
> [PROSECUTOR]:  And you're sure you don't want to change that answer?

9

[PETITIONER]:  I don't have to change it.  All the questions they asked me that my attorney advised me to answer, I answered them.  What my attorney advised me not to answer, I did not answer.

[PROSECUTOR]:  So that's just to say now, first of all, you say, I talked to the police on – when I turned myself in on February 7th.  Now you've changed it.  Oh, I only answered certain things with my right to counsel?

[PETITIONER]:  No, you changed it.  I didn't go in there to be quiet.  I'm quite sure that they asked me a couple of questions.

[PROSECUTOR]:  Oh, your name?  Other than your name?  Other than your name?

[PETITIONER]:  Well, your first right is you have a right to remain silent.  My lawyer told me what to answer and what not to answer.  I would rather listen to my attorney than some police or anybody trying to lock me up.  My attorney is there to protect me and to watch me and to make sure what's best for me and that's what I did.

[PROSECUTOR]:  But you didn't do anything.  You sat in the car and ducked?

[PETITIONER]:  That's right.

(5/7/02 Trial Tr. at 61-62.)  The Michigan Court of Appeals concluded that these

statements by the prosecutor were not improper, stating:

> After reviewing the trial record, we conclude that defendant has failed to substantiate that the prosecutor engaged in any improper cross-examination or argument, let alone that any misconduct prejudiced his right to a fair trial or amounted to plain error that affected his substantial rights. * * * the prosecutor did not improperly comment on or question defendant regarding his constitutional right to remain silent when he [Petitioner] injected the topic into the proceedings by his testimony.

*Nobles*, 2006 WL 1479561, at *4.

The Court finds that the state court's decision is neither contrary to nor an

10

unreasonable application of Supreme Court precedent.  While a prosecutor may not ordinarily comment on a defendant's post-arrest silence, a prosecutor may use the fact of post-arrest silence to contradict a defendant who testifies to an exculpatory version of events and claims to have told the police the same version upon arrest.  *See Gravley v. Mills*, 87 F.3d 779, 786-87 (6th Cir. 1996) (citations omitted).  In such a situation, the fact of the earlier silence is not being used to impeach the defendant's exculpatory story, but to challenge the defendant's testimony as to his behavior following his arrest.  *Id.*; *see also Doyle v. Ohio*, 426 U.S. 610, 619 n.11, 96 S.Ct. 2240, 2246 n.11 (1976).  "'The prohibition against reference to post-arrest silence does not allow the defendant to freely and falsely create the impression that he has cooperated with police when, in fact, he has not.'"  *Britt v. Howes*, No. 06-CV-14751, 2009 WL 998400, at *14 (E.D. Mich. Apr. 14, 2009) (quoting *Earnest v. Dorsey*, 87 F.3d 1123, 1135 (10th Cir. 1996) (quoting *United States v. Fairchild*, 505 F.2d 1378, 1383 (5th Cir. 1975)) (internal quotation marks omitted).

Because the prosecutor did not improperly comment on Petitioner's silence, trial counsel is not ineffective for failing to object to the prosecutor's questions.  *See McQueen*, 99 F.3d at 1328 (defense counsel not deemed deficient for failing to make a futile objection or motion). Similarly, counsel was not ineffective for failing to object to the prosecutor's reference to Petitioner as the "enforcer" in closing arguments, as this description was a valid inference from the testimony presented at trial.  *See United States v. Jackson*, 473 F.3d 660, 672 (6th Cir. 2007).  Thus, ineffective assistance cannot be

11

deemed cause for Petitioner's procedural default with respect to this claim.  Where a petitioner fails to establish cause for his procedural default, the court need not address the issue of prejudice.  *See Smith v. Murray*, 477 U.S. 527, 533, 106 S.Ct. 2661, 2666 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Petitioner also fails to show that the failure to consider the claim will result in a fundamental miscarriage of justice, as he does not show actual innocence.  *See Schlup v. Delo*, 513 U.S. 298, 321, 115 S.Ct. 851, 864 (1995) (holding that the miscarriage of justice exception to the procedural default rule should apply only to cases where there is a likelihood of convicting a person who is actually innocent).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611 (1998) (citation omitted).  "To be credible, [a claim of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence– that was not presented at trial."  *Schlup*, 513 U.S. at 324, 115 S.Ct. 851.  Petitioner has not done so here.  In fact, Petitioner has pointed to no new evidence that the jury was not given.

Accordingly Petitioner's second ground as it relates to his Fifth Amendment claim and the prosecutor's referral to him as the "enforcer" is barred by procedural default and does not warrant habeas relief.

### Petitioner's Fourth and Fifth Grounds

In his fourth ground in support of his request for habeas, Petitioner argues that the

12

prosecutor withheld exculpatory evidence in the form of a "nineteenth shell casing" that was cataloged at the scene. In his fifth ground, he alleges that trial counsel was ineffective for failing to investigate that missing evidence.  Respondent argues that these claims are procedurally defaulted because Petitioner raised them for the first time when he filed his motion for relief from judgment with the trial court.  The trial court relied on a procedural bar in refusing to review the claims, and the state appellate courts denied relief citing Petitioner's failure "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Nobles*, No. 293121 (Mich. Ct. App. Nov. 23, 2009) (unpublished); *People v. Nobles*, 486 Mich. 1046, 783 N.W.2d 381 (2010) (unpublished table decision).

With respect to the second and third elements of the procedural default rule, it was once established in this Circuit that simply citing Michigan Court Rule 6.508(D) constituted an adequate and independent ground.  In 2010, however, the Sixth Circuit held that Michigan's standard orders, as stated above, were "unexplained" and "ambiguous as to whether they refer to procedural default or denial of relief on the merits." *Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010).  Consequently, under *Guilmette*, the Court now must "look through" the unexplained orders to the trial court's decision to determine the basis for the denial of post-conviction relief.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05, 111 S.Ct. 2590, 2594-96 (1991).

In this case, looking through the appellate order to the trial court, it is clear that the trial court denied Petitioner relief on the basis of a procedural bar, i.e., Michigan Court Rule 6.508(D)(3), when it stated that he had not shown good cause and actual prejudice to

13

excuse his default. *Nobles*, No. 01-004225-01, at 11-15. Thus the trial court– the last state court to issue a reasoned decision on the matter– clearly invoked a procedural bar in denying Petitioner's claims. This procedural rule was "an adequate and independent state ground" on which the state could rely to foreclose review. *Amos v. Renico*, 683 F.3d 720, 733 (6th Cir. 2012). It follows that federal habeas review of these claims is barred unless Petitioner can meet one of the two exceptions to the procedural-default doctrine.

To establish cause for the default, Petitioner asserts that his appellate counsel was ineffective for failing to raise these claims during his direct appeal. For the reasons that follow, appellate counsel was not ineffective under the *Strickland* standard. *See Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005) (the *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel) (citation omitted).

A defendant does not have a constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 2667 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 3312-13 (1983)). As the Supreme Court has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289, 120 S.Ct. 746, 766 (2000). In such cases, a petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.* A petitioner is required to show

14

that appellate counsel was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992), *cert. denied*, 508 U.S. 975 (1993). Petitioner fails to make such a showing here.

As an initial matter, when addressing Petitioner's claim in his post-conviction motion that evidence was withheld, the trial court found that there in fact was no nineteenth shell casing. The trial court explained that a *bullet* with tag number 615282 was erroneously cataloged as a "casing." Petitioner's claim, therefore, was based on a clerical error; there was no evidence withheld. As such, it would have been futile for appellate counsel to have raised this claim. Counsel may have realized that and made a strategic decision not to pursue the claim.

For these reasons, the Court concludes that review of Petitioner's fourth and fifth grounds for habeas relief also are precluded by his procedural default.

### The Merits of Petitioner's Remaining Claims

### Confrontation Clause claim

In his first ground for habeas relief, Petitioner argues that the admission of Rod Jeter's prior statement to the police identifying Petitioner as the shooter violated his rights under the Confrontation Clause. Jeter was unavailable for trial because he previously had been murdered.

During his cross-examination of Petitioner, the prosecutor introduced a statement Jeter made to the police implicating Petitioner in the shooting and the fact that the statement was contained in Petitioner's discovery materials to impeach Petitioner's

testimony that he was unaware of any such statement.  Specifically, Petitioner had said:

"Roderick Jeter to my knowledge never told Homicide that I shot no gun." (5/7/02 Trial

Tr. at 77.)  This statement followed the prosecutor's attempts to show that Petitioner

attempted to obstruct justice and suborn perjury by trying to deter Jeter from testifying

and telling Jeter what to say if he did testify.  (*Id*. at 70-77.)  Based on this testimony, the

trial court ruled that evidence of Jeter's statement to the police was relevant to the issue of

motive with respect to the charges of obstruction of justice and attempted subornation of

perjury.  The court reasoned that once Petitioner denied knowing what Jeter would testify

to, evidence that Petitioner's discovery materials contained a statement by Jeter to the

police and the contents of that statement were admissible to impeach Petitioner.  (*Id*. at

86-95.)

The prosecutor thereafter introduced the contents of the statement.  The trial judge

specifically instructed the jurors that they could not consider the statement as substantive

evidence of Petitioner's guilt.  (*Id*. at 78.)  The prosecutor again referred to the statement

in his closing argument, to which Petitioner's trial counsel again voiced objection.  (*Id*. at

160, 164, 171-72, 180.)

The Michigan courts concluded that the admission of the statement was not error.

The court of appeals, the last court to issued a reasoned decision with respect to this

claim, reasoned:

> When defendant elected to testify, he repeatedly denied that he "called Rod
> Jeter a snitch," accused Whaley [Rod Jeter's girlfriend] of making up her
> testimony to the contrary because she didn't like defendant, and averred that

16

he left the "pine boxes" recorded message for Whaley after Jeter had died. Based on the evidence, the prosecutor had the right to impeach defendant's testimony.

* * *

The prosecutor's brief references to the content of Jeter's statement to the police, specifically that Jeter had identified defendant as the Coney Island shooter, tended to impeach and undermine defendant's insistence that he had never called Jeter a snitch and had no reason to have threatened Jeter, as Whaley testified defendant had done. Additionally, before the prosecutor referred to the content of Jeter's statement, the trial court instructed the jury to consider Jeter's statements for impeachment purposes only, and not as substantive evidence of defendant's guilt. Consequently, the trial court did not abuse its discretion by allowing the prosecutor to question defendant regarding the content of Jeter's statement to the police for impeachment purposes.

*Nobles*, 2006 WL 1479561, at *3 (citations and footnote omitted). The state court's

determination was neither contrary to nor an unreasonable application of federal law.

The Sixth Amendment's Confrontation Clause bars the admission of out-of-court

statements that are testimonial in nature unless the witness is unavailable and the

defendant has had a prior opportunity to cross-examine the witness. *See Crawford v.

Washington*, 541 U.S. 36, 68-69, 124 S.Ct. 1354, 1374 (2004). However, the

Confrontation Clause "does not bar the use of testimonial statements for purposes other

than establishing the truth of the matter asserted." *Id.* at 59 n.9, 124 S.Ct. at 1369 n.9

(citation omitted). The non-hearsay aspects of a testimonial statement raise no

Confrontation Clause concerns. *Tennessee v. Street*, 471 U.S. 409, 414, 105 S.Ct. 2078,

2081-82 (1985); *see also Adams v. Holland*, 168 F. App'x 17, 19-21 (6th Cir. 2005)

(same). Further, the underlying question of what is or is not hearsay evidence in a state

17

court is governed by state law.  It is well-settled "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991). Thus, the Sixth Circuit has held that federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (quoting *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)).

As stated by the Michigan Court of Appeals, Jeter's statement was not offered for the truth of the matter asserted but rather for impeachment purposes.  *Crawford* therefore does not bar its admission.  However, even if the Court were to find that the statement was inadmissible under federal law, it still would find habeas relief unwarranted because any error was harmless.  Alleged Confrontation Clause violations are subject to harmless error analysis.  *Delaware v. Van Arsdall*, 475 U.S. 673, 681-84, 106 S.Ct. 1431, 1436 (1986) (discussing Confrontation Clause and harmless error standard).

A habeas court must assess whether an error was harmless under the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710 (1993), whether or not the state appellate court recognized the error and reviewed it for harmlessness.  *Fry v. Pliler*, 551 U.S. 112, 121-22, 127 S.Ct. 2321, 2328 (2007); *see also Vasquez v. Jones*, 496 F.3d 564, 574-75 (6th Cir. 2007) (same).  Under this standard, relief cannot be granted unless the constitutional error had a "substantial and injurious effect" on the result.  *Brecht*, 507 U.S. at 638.

Here, the evidence against Petitioner was, if not overwhelming, undeniably strong,

18

and the Court would find that any error in the admission of Jeter's statement was harmless.  Moreover, the trial court specifically instructed the jurors that it could not consider Jeter's statement as substantive evidence of Petitioner's guilt.  The instruction was sufficient to mitigate any error. Michigan courts presume that juries follow their instructions.  *People v. Graves*, 458 Mich. 476, 485, 581 N.W.2d 229, 234 (1998).

For these reasons, this Court concludes that the Michigan court's resolution of this issue was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented.  Accordingly, Petitioner is not entitled to habeas relief on this claim.

### Remainder of Petitioner's Prosecutorial Misconduct Claim

In his second habeas claim, Petitioner also alleges that the prosecutor committed misconduct by using Jeter's statement and by badgering him.  For the reasons discussed in the preceding section, Petitioner's first argument lacks merit.  For the reasons that follow, the Court finds that Petitioner's second argument also does not warrant habeas relief.

Prosecutors may not misrepresent the facts or assert facts never admitted into evidence.  *Washington v. Hofbauer*, 228 F.3d 689, 700 (6th Cir. 2000).  Prosecutors may, however, highlight inconsistencies or inadequacies in the defense, *Bates v. Bell*, 402 F.3d 635, 646 (6th Cir. 2005), point out the lack of evidence supporting the defense theory, *United States v. Forrest*, 402 F.3d 678, 686 (6th Cir. 2005), and argue from the facts that

19

a defense witness, including a testifying defendant, is not worthy of belief.  *See*

*Portuondo v. Agard*, 529 U.S. 61, 69, 120 S.Ct. 1119, 1125 (2000) (when a defendant

testifies the rules that apply to other witnesses apply to him or her as well) (citations

omitted).  Thus, when a defendant voluntarily exercises his right to testify, he then

becomes subject to cross-examination "on any matter relevant to any issue in the case,

including credibility."  *People v. Salimone*, 265 Mich. 486, 499-500, 251 N.W.2d 594,

598-99 (1993).

    The Michigan Court of Appeals concluded that the "badgering" questions posed

by the prosecutor to Petitioner on cross-examination constituted proper cross-

examination.  *Nobles*, 2006 WL 1479561, at *4 (citation omitted).  The Court agrees and

concludes that the state court's analysis is consistent with clearly established Supreme

Court precedent and constitutes a reasonable application of that law.  *See Donnelly*, 416

U.S. at 643, 94 S.Ct. at 1871.  In addition, the prosecutor's alleged improper questions

and comments were isolated in nature, were addressed by the trial court when objected to,

and did not mislead or prejudice the jury.  Moreover, the prosecutor's conduct did not

have a substantial and injurious effect or influence on the jury's verdict.  *See Brecht*, 507

U.S. at 637, 113 S.Ct. at 1722; *see also O'Neal v. McAninch*, 513 U.S. 432, 445, 115

S.Ct. 992, 999 (1995) (habeas court should grant petition if it has "grave doubt" about

whether trial error had substantial and injurious effect or influence upon jury's verdict).

Habeas relief is not warranted with respect to this claim either.

**Res gestae claim**

20

In his third habeas claim, Petitioner argues that he is entitled to a new trial because the prosecutor failed to secure the presence of a res gestae witness, Ladarius Edwards, for trial. Edwards was listed on the prosecutor's witness list and had not been deleted prior to trial. The Michigan Court of Appeals rejected Petitioner's claim, reasoning:

> The record reflects that the trial court carefully considered the content of Edwards's statement to the police, which contained information primarily cumulative to other testimony at trial, before concluding that in light of the fact that Edwards did not view the commencement of gunfire toward the Coney Island, "*[t]he failure to produce Edwards was not prejudicial to the defendant to the extent a new trial is warranted.*" (Emphasis added). Given the trial court's consideration of Edwards's out-of-court statements against the trial record, we cannot conclude that the trial court clearly erred in making its factual findings or that the court abused its discretion in denying defendant's motion for a new trial. Furthermore, no further evidentiary hearing to determine potential prejudice is required because the trial court provided the adverse inference instruction to the jury regarding the failure to produce Edwards, and the trial court factually concluded that defendant had not been prejudiced by the prosecution's failure to call Edwards, a cumulative witness, at trial.

*Nobles*, 2006 WL 1479561, at *5 (citations omitted). This decision was not unreasonable.

This claim concerns a perceived error of state law.[2] It is well established that "'federal habeas corpus review does not lie for errors of state law,'" unless the error

---

[2]Under Michigan law, the prosecution is not required to produce res gestae witnesses at trial. However, if the prosecutor fails to call a listed witness and has failed to delete that witness from its witness list, it may nonetheless be appropriate for the trial court to instruct the jury that it could draw an adverse inference from the prosecutor's failure to call the witness that the witness's testimony would have been harmful to the State's case. *People v. Cook*, 266 Mich.App. 290, 702 N.W.2d 613, 616 (Mich. Ct. App. 2005), *appeal denied*, 474 Mich. 946, 706 N.W.2d 200 (2005). The trial court gave such an instruction in this case.

21

denies a petitioner fundamental fairness in the trial process. *Estelle*, 502 U.S. at 67, 112 S.Ct. at 480 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102 (1990)). The Sixth Circuit has held that Michigan's res gestae requirement is a state law question and not cognizable in federal habeas review. *Collier v. Lafler*, 419 F. App'x 555, 559 (6th Cir. 2011) (whether a prosecutor exercised due diligence in attempting to locate a res gestae witness is outside the scope of federal habeas review).

Under federal law, there is no obligation on the part of the prosecutor to call any particular witness unless the government has reason to believe that the testimony would exculpate the petitioner. *United States v. Bryant*, 461 F.2d 912, 916 (6th Cir. 1972) (citations omitted). The state courts' assessment that Edwards' testimony would not exculpate Petitioner was not an unreasonable determination of the facts. In his statement to the police after the shooting, Edwards indicated that did not see the shooting of the victim and was not able to identify the men who had the guns. (*See* ECF No. 15 Ex. B.) While he did say that he did not see the front seat passenger (i.e., Petitioner) exit the vehicle, he also stated that he ran away from the front of the restaurant and into the bathroom after the shooting began. (*Id.*) Thus Petitioner cannot establish that Edwards' absence deprived him of a fair trial. Accordingly, the Court concludes that Petitioner is not entitled to habeas relief with respect to this claim.

### **Petitioner's Motions for Evidentiary Hearing and Discovery**

Petitioner filed a motion seeking an evidentiary hearing in order to prove his *Strickland* claim and that the prosecutor withheld evidence in regard to the nineteenth

22

shell casing.

When deciding whether to grant an evidentiary hearing, the Court is bound by the deferential standards prescribed by § 2254.  If the record refutes Petitioner's allegations or precludes relief, a district court is not required to hold an evidentiary hearing.  Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his or her claims if they lack merit.  *See Stanford v. Parker*, 266 F.3d 442, 459-60 (6th Cir. 2001); *see also Cullen*, 131 S.Ct. at 1398 (review under section 2254(d)(1) is limited to the record that was before the state court).  Here, the Court found that Petitioner's *Strickland* and *Brady* claims were procedurally default.  But even if the Court did not find that the claims were procedurally defaulted, the record refutes Petitioner's allegations.

Petitioner seeks to conduct discovery from the Detroit Police Department, the Fire Department, the Wayne County Medical Examiner, and St. John's Hospital.  He is looking for evidence of a fired nineteenth shell casing, autopsy photos, and x-ray reports.  Petitioner requested the same in the state courts and his requests were denied.

The Court concludes that additional discovery would not demonstrate that Petitioner is entitled to habeas relief.  "Rule 6 [of the Rules Governing § 2254 Cases] embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'"  *Bracy v. Bramley*, 520 U.S. 899, 908-09, 117 S.Ct. 1793, 1799 (1997).  As noted by the trial court, the reference to a nineteenth shell casing was a clerical error, no such

23

evidence existed.  The Court therefore concludes that the areas upon which Petitioner

seeks to further develop the factual record have been presented to the lower courts and

adjudicated.  The purpose of Rule 6 is not to sanction fishing expeditions.  *See Harp v.*

*Curtin*, No. 2:09-CV-13121, 2012 WL 368216 (E.D. Mich. Feb. 3, 2012) (citation

omitted).

For these reasons, and given the Court's analysis of Petitioner's claims, his

requests for an evidentiary hearing and discovery are denied.

### Certificate of Appealability

A certificate of appealability may be issued "only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The

district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a).

When a district court denies a habeas petition on the merits of the claims

presented, a certificate may issue if the petitioner demonstrates that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).  "A petitioner

satisfies this standard by demonstrating that . . . jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537

U.S. at 327.  When a district court denies habeas relief on procedural grounds without

reaching the petitioner's constitutional claims, a certificate may issue if the petitioner

shows that jurists of reason would find it debatable whether (1) the petition states a valid

claim of a denial of a constitutional right *and* (2) the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604.

The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right with respect to all of his claims, with the exception of his claims related to the admission of Jeter's statement. While the Court continues to believe that Petitioner is not entitled to a writ of habeas corpus with respect to this claim for the reasons set forth herein, the Court believes that the issue raised in Petitioner's application may be "debatable among jurists of reason." Further, given the lower standard applicable to determining whether to grant an application for leave to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a), the Court finds that Petition may proceed *in forma pauperis* on appeal.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is granted **only** with respect to the issue of whether Petitioner's rights under the Confrontation Clause and to a fair trial were violated due to the admission of Rod Jeter's statement;

**IT IS FURTHER ORDERED**, that Petitioner may proceed *in forma pauperis* on appeal;

**IT IS FURTHER ORDERED**, that Petitioner's motions for an evidentiary hearing and for discovery (ECF Nos. 16, 17) are **DENIED AS MOOT**.

25

Dated: March 26, 2013                    s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:

Deano C. Ware, Esq.
Mark G. Sands, Esq.