UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY NOBLES,

    Petitioner,                                                  Civil Action No. 2:11-cv-10801

v.                                                              HON. PATRICK J. DUGGAN

GREG MCQUIGGIN,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO AMEND OR MAKE ADDITIONAL FINDINGS AND TO ALTER OR AMEND THE COURT'S JUDGMENT DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On March 26, 2013, this Court entered an opinion and order denying Petitioner's application for the writ of habeas corpus under 28 U.S.C. § 2254. Presently before the Court is Petitioner's "Motion to Amend or Make Additional Findings and to Alter or Amend the Court's Judgment Denying Petition for Writ of Habeas Corpus," filed pursuant to Federal Rules of Civil Procedure 52(b) and 59(e) on April 23, 2013. For the reasons that follow, the Court denies Petitioner's motion.

**Background**

In 2002, Petitioner was convicted of first-degree murder, five counts of assault with intent to commit murder, one count of discharging a firearm toward a building, one count of felony firearm, and one count of carrying a concealed weapon ("CCW"). He was found not guilty on one count of obstruction of justice and one count of subornation of perjury. The trial court subsequently sentenced Petitioner to life without parole for the

first-degree murder conviction, imprisonment for 13 to 30 years for each of the assault convictions, one to four years for the discharging a firearm conviction, two to five years for the CCW conviction, and a consecutive two-year term for the felony firearm conviction.

After the adjudication of his direct appeal and motion for new trial in the state courts, Petitioner filed the pending action asserting the following grounds in support of his request for habeas relief:

(1) His rights under the Confrontation Clause were violated when Rod Jeter's statement was used to identify him as the shooter;

(2) The prosecutor committed misconduct by using Jeter's statement against him, by commenting on Petitioner's Fifth Amendment right to remain silent, and by badgering him;

(3) The State failed to exercise due diligence in locating witness Ladarius Edwards;

(4) The State suppressed material exculpatory evidence; and

(5) Trial counsel was ineffective for failing to investigate the "nineteenth bullet casing."

Respondent claimed in response that part of Petitioner's second claim (as it related to the prosecutor's questions about lying to the police and referring to Petitioner as the "enforcer") and his fourth and fifth claims are procedurally defaulted and that all of his claims lack merit. In its March 25, 2013 decision, this Court found that part of Petitioner's second claim and his fourth and fifth claims were procedurally defaulted and that Petitioner failed to demonstrate cause for the default. The Court then found no merit

to Petitioner's remaining claims.

Petitioner filed the pending motion, summarizing his challenges to the Court's decision as follows:

> I. Whether the Court erred in finding that Petitioner's trial counsel failed to object to the prosecutor's use of Roderick Jeter's testimonial statement identifying Petitioner as the shooter?
>
> II. Whether the Court should amend its decision on the *Crawford* issue with respect to the use of Roderick Jeter's out of court statement by considering additional record evidence substantiating Petitioner's claim that the prosecutor improperly argued the substance of Mr. Jeter's out of court statement as evidence in the murder case?
>
> III. Whether the Court erred in finding that Petitioner's appellate counsel decided for strategic reasons not to assert a *Brady* violation with respect to the state's failure to disclose evidence of a nineteenth bullet casing?
>
> IV. Whether the Court should amend its decision on the *Brady* and *Strickland* issues by considering the great weight of all of the evidence from the state court record substantiating Petitioner's claim that nineteen casings were found at the scene?
>
> V. Whether the Court should amend its decision on the *Doyle* claim by considering the substance of Petitioner's interrogation record with Detroit Police substantiating his testimony at trial that he selectively invoked his right to remain silent?

## Applicable Standard

Rule 52(b) provides that "[o]n a party's motion . . . the court may amend its findings– or make additional findings– and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). Motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e)

3

may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The Sixth Circuit has "repeatedly held that a Rule 59(e) motion 'does not permit parties to . . . re-argue a case' and 'cannot be used to present new arguments that could have been raised prior to judgment.' " *Schellenberg v. Twp. of Bingham*, 436 F. App'x 587, 598 (6th Cir. 2011) (quoting Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008)).

**Analysis**

In his pending motion, Petitioner first contends that the Court should consider the Detroit Police Department Constitutional Rights Certificate of Notification Form, dated February 7, 2001, where he invoked his right to remain silent to evaluate his claim that the prosecutor improperly referred to his silence during cross-examination. The form was not included among the Rule 5 materials submitted by Respondent. The form, however, does not change the Court's analysis of Petitioner's second ground in support of his request for habeas relief. This is because the Court assumed without the form, based on Petitioner's trial testimony and the arguments in his briefs, that he had in fact "officially" invoked his right to remain silent when he and his attorney went to the police station.

Petitioner next asserts that the Court erred in finding that his trial counsel failed to object at trial when the prosecutor referred to his silence. The Court does not agree. The prosecutor asked a series of questions about what Petitioner did or not tell police when he reported to the police station without an objection from defense counsel. As Petitioner

4

points out, his counsel did assert an objection, but this was after several questions were posed to Petitioner which he answered and only following the question: "But you didn't do anything. You sat in the car and ducked?" (5/7/02 Trial Tr. at 62.) Unlike Petitioner, the Court does not understand this question as conveying to the jury that he failed to tell Detroit Police that he never exited the vehicle but stayed inside and ducked when the shooting erupted, thereby injecting his silence into the proceedings. The question simply asks Petitioner about his actions *at the time of the shooting*.

However, even if Petitioner's trial counsel properly objected to the prosecutor's line of questioning concerning Petitioner's invocation of his right to remain silent and the state court did not deem the issue procedurally defaulted, the Court cannot find the state court's analysis of the issue to be contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court for the reasons discussed in this Court's March 26, 2013 decision. As discussed there, the prosecutor's questions only followed Petitioner's testimony that he and his attorney went to the police station to discuss the shooting. (ECF No. 19 at 10.) The prosecutor was not prohibited from using Petitioner's silence to challenge the impression he created concerning his cooperation with police. (*See id*. at 11.)

The third and fourth arguments raised by Petitioner in his pending motion relate to the purported nineteenth shell casing. Petitioner argues that the Court erred in finding, as the trial court did, that there in fact was no nineteenth shell casing and that reference to such a casing was a clerical error. Petitioner contends that "[t]he great weight of the

5

evidence in this case supports Petitioner's claim that nineteen casings were found at the crime scene." (Pet.'s Br. in Support of Mot. at 8.) Petitioner also argues that the Court erred in finding the issue procedurally defaulted due to his failure to show cause and prejudice based on his appellate counsel's failure to raise the issue on direct review before the Michigan Court of Appeals. Rather than making a strategic decision not to raise the issue, Petitioner indicates that his appellate counsel in fact raised the issue but then failed to perfect the issue as instructed by the court clerk.

The state court's factual findings are presumed correct unless Petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Ayers v. Hudson*, 623 F.3d 301, 308 (6th Cir. 2010) (brackets omitted) (quoting *Miller–El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029 (2003)). There is not clear and convincing evidence contrary to the state court's finding that there was no nineteenth shell casing. In any event, even if there in fact was a nineteenth shell casing that the prosecution withheld, Petitioner fails to show that it was reasonably probable that this evidence would have changed the verdict, thus precluding any finding of prejudice to excuse his procedural default of this claim.[1]

---

[1] In this Court's view, it therefore matters not whether Petitioner's counsel intentionally failed to raise this issue on direct appeal or intended to raise the issue but thereafter failed to perfect it as directed by the clerk of the court.

6

Petitioner next asks the Court to reconsider its ruling regarding the admissibility of Rod Jeter's custodial statement in light of the fact that the prosecutor did not only refer to the statement when cross-examining Petitioner but also when examining Lieutenant Nolan. Petitioner also contends that the statement was offered not as impeachment evidence, but to identify him as the shooter.

The Court continues to conclude that Jeter's statements were admissible once Petitioner opened the door by denying any reason for threatening and/or intimidating him. In addition to impeaching Petitioner's assertion that Jeter never implicated him in the shooting, Jeter's statement was admissible to show Petitioner's motive to commit the alleged obstruction of justice and attempted subornation of perjury charges. To the extent the prosecutor improperly emphasized the content of Jeter's statement during closing argument, for the reasons discussed in the Court's March 26, 2013, the Court concludes that any error was harmless.

Lastly, Petitioner argues that the failure of the prosecution to produce Ladarius Edwards for trial was prejudicial. Petitioner fails to demonstrate, however, that the prosecutor's failure to produce this witness violated federal law. Petitioner has not identified any evidence that Edwards could have provided that would have been exculpatory.

## Conclusion

For the reasons discussed above, the Court does not find a clear error of law, newly discovered evidence, an intervening change in controlling law, or a threat of

manifest injustice requiring it to amend or make additional findings or to alter or amend the judgment.

Accordingly,

**IT IS ORDERED**, that Petitioner's Motion to Amend or Make Additional Findings and to Alter or Amend the Court's Judgment Denying Petition for Writ of Habeas Corpus is **DENIED**.

Dated: June 4, 2013　　　　　　　　　s/PATRICK J. DUGGAN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copies to:
Deano C. Ware, Esq.
Mark G. Sands, Esq.